UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER BOFFOLI,

Plaintiff,

v.

ATEMIS LLC,

Defendant.

C18-795 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiff's renewed motion for default judgment, docket no. 17, is DENIED without prejudice. The Court denied plaintiff's previous motion for default judgment for three reasons, namely (i) failing to articulate a basis consistent with Federal Rule of Civil Procedure 54(b) for entering judgment against only one of several defendants, (ii) failing to provide copies of the certificates of registration or dates of publication and registration for the copyrighted works at issue, and (iii) failing to plead sufficient facts to establish personal jurisdiction over defendant. _See_ Minute Order (docket no. 15). Plaintiff has addressed the first deficiency by dismissing defendants Does 1-5, leaving Atemis LLC ("Atemis") as the sole remaining defendant. _See_ Notice (docket no. 16). With regard to the second problem in its prior motion, plaintiff has filed a Certificate of Registration for the work titled "Disparity Series," as to which Registration No. VAu 1-106-484 became effective on June 13, 2011.[1] Ex. A to Boffoli Decl. (docket no. 18-1). Plaintiff has not, however, offered any description (or copy) of the deposit associated with Registration

---

[1] In his Complaint, plaintiff referenced three other copyright registrations, _i.e._, Registration Nos. VAu 1-148-370 (2013), VAu 1-948-517 (2013), and VAu 1-198-948 (2015). Compl. at ¶ 11 (docket no. 1). Plaintiff has not provided copies of the related certificates of registration or indicated with particularity which of the works allegedly infringed by Atemis were among the deposit materials associated with one or more of the various registrations.

MINUTE ORDER - 1

No. VAu 1-106-484, and the Court cannot determine what work is the copyrighted subject matter as to which plaintiff is entitled to maintain suit. *See* 17 U.S.C. §§ 410 & 411. On the issue of personal jurisdiction, plaintiff appears to concede that the Court may not exercise general jurisdiction with respect to Atemis, and that, at most, the Court has specific jurisdiction as to any claims arising out of or relating to the activities Atemis purposefully directed at residents of Washington. *See High Maint. Bitch, LLC v. Uptown Dog Club, Inc.*, 2007 WL 3046265 at *2 (W.D. Wash. Oct. 17, 2007). Because plaintiff resides in Washington, the Court is satisfied that any intentional copyright infringement was purposefully directed at the forum, particularly any activities occurring after plaintiff and his counsel sent cease-and-desist correspondence to Atemis. *See* Exs. B-D to Compl. (docket nos. 1-2 through 1-4); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2013 WL 4827815 (W.D. Wash. Sep. 9, 2013). With regard to the four images of plaintiff's allegedly copyrighted works that appeared on Atemis's "Let Eat Go" Facebook page, *see* Ex. A to Compl. (docket no. 1-1), the record reflects only that the material was posted on August 9, 2015, was represented to have been created by Akiko Ida and Pierre Javelle (not plaintiff Christopher Boffoli), and was not the subject of cease-and-desist letters to Atemis until January 16, 2018. These facts do not alone support plaintiff's assertion of intentional or willful copyright infringement. Although plaintiff asserts that Atemis continued to display the pictures at issue on its "Let Eat Go" Facebook page without his authorization, he has not indicated how long after he initiated communications with Atemis this behavior persisted or whether the images are still being used by Atemis. Absent further details, the Court cannot conclude that plaintiff has made the requisite showing of willfulness to warrant the magnitude of statutory damages he seeks, namely $150,000.[2]

      (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

      Dated this 16th day of October, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[2] The Court further advises plaintiff that he will not be awarded attorney's fees for unsuccessful motions. In connection with any renewed motion for default judgment, plaintiff's counsel shall endeavor to omit from the calculation of attorney's fees the time spent on the previous, as well as the current, motion for default judgment.

MINUTE ORDER - 2