UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER BOFFOLI,

    Plaintiff,

v.

ATEMIS LLC,

    Defendant.

C18-795 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff's second renewed motion for default judgment, docket no. 21. Having reviewed the record in this matter and all papers filed in support of plaintiff's motion, the Court enters the following order.

**Background**

Plaintiff Christopher Boffoli is a photographer who resides in Washington. *See* Compl. at ¶¶ 6 & 9 (docket no. 1). He is the author of a collection of photographs titled the "Disparity Series," for which a Certificate of Registration was issued by the United States Copyright Office, effective June 13, 2011. *See* Ex. A to Boffoli Decl. (docket no. 22-1) (Registration No. VAu 1-106-484). In connection with the registration of his copyright in the "Disparity Series," plaintiff deposited with the Copyright Office a read-

ORDER - 1

only compact disc ("CD-ROM") containing electronic copies of the various photographs. *See* Boffoli Decl. at ¶ 15. The CD-ROM included the following copyrighted works:

 

Fig. 1: "Cone Camping"  Fig. 2: "Linguine Car Wash"
Ex. G to Boffoli Decl. (docket no. 22-7 at 2)  Ex. G to Boffoli Decl. (docket no. 22-7 at 3)

In December 2017, plaintiff discovered that defendant Atemis LLC ("Atemis") was displaying the images "Cone Camping" and "Linguine Car Wash" on its Facebook pages for the commercial application ("app") known as "Let Eat Go." *See* Compl. at ¶¶ 12 & 14 and Ex. A. The Facebook pages at issue are reproduced below:



Fig. 3: Ex. A to Compl. (docket no. 1-1 at 2-4).

ORDER - 2

On its main Facebook page, Atemis attributes the artwork to Akiko Ida and Pierre Javelle, the creators of "MiNiMiAM," which involves the use of miniature figurines to illustrate stories of food. See id. (docket no. 1-1 at 4); see also http://minimiam.com.[1] In January 2018, plaintiff sent a letter to Atemis, accusing it of falsely identifying his photographs as being the work of other artists, informing it that he has documented its infringement, indicating that he had already asked Facebook and Twitter to remove the copyrighted materials from Atemis's posts, threatening to sue, and offering to settle the matter with Atemis for $5,000. Ex. B to Ex. D to Compl. (docket no. 1-4 at 8-10). In February 2018, plaintiff followed up with an email sent via a form on Atemis's website. See Compl. at ¶ 15 & Ex. C. Atemis did not respond. In March and April 2018, plaintiff's counsel engaged in both written and oral cease-and-desist communications. Id. at ¶ 15 & Ex. D. Atemis still did not respond. In May 2018, plaintiff filed this action, alleging direct, contributory, and willful copyright infringement. Id. at ¶¶ 16-26.

Default was entered against Atemis in July 2018. Order (docket no. 11). Plaintiff first sought default judgment against Atemis in August 2018, but the motion was denied without prejudice for three reasons, namely (i) failing to articulate a basis consistent with Federal Rule of Civil Procedure 54(b) for entering judgment against only one of several defendants, (ii) failing to provide copies of the certificates of registration or dates of

---

[1] At least one of the images on Atemis's accused Facebook pages can also be found in the portfolio on Akiko Ida's and Pierre Javelle's website.



Fig. 4: "Sweet-Green 2008"
http://minimiam.com/artworks/#sport-1253.

publication and registration for the copyrighted works at issue, and (iii) failing to plead sufficient facts to establish personal jurisdiction over Atemis. <u>See</u> Minute Order (docket no. 15). In September 2018, plaintiff voluntarily dismissed his claims against all defendants other than Atemis, <u>see</u> Notice (docket no. 16), and filed a renewed motion for default judgment.

Plaintiff's renewed motion was also denied without prejudice on the following grounds: (i) failure to describe (or offer a copy of) the deposit submitted to the Copyright Office in connection with plaintiff's registration of the "Disparity Series," leaving the Court unable to determine what work, if any, may form the basis of an infringement claim, and (ii) failure to plead sufficient facts to establish intentional or willful copyright infringement on the part of Atemis. <u>See</u> Minute Order (docket no. 20). In denying the renewed motion for default judgment, the Court explained that (i) the materials posted on Atemis's Facebook pages as of August 9, 2015, were not the subject of cease-and-desist letters until January 2018, (ii) the Complaint does not indicate how long the photographs from the "Disparity Series" remained on Atemis's Facebook pages after plaintiff sent his correspondence or even whether the images are still being used without permission by Atemis, and (iii) plaintiff had not made the requisite showing of willfulness to warrant the requested $150,000 in statutory damages. <u>See</u> <u>id.</u> at ¶ 1.

In his current motion for default judgment, plaintiff has cured the first problem identified in the Minute Order entered October 16, 2018, docket no. 20, by submitting a copy of the Certificate of Registration for the "Disparity Series," as well as copies of two of the photographs deposited in connection therewith, <u>see</u> Boffoli Decl. at ¶¶ 8 & 15 and

Exs. A & G (docket no. 22), but he has not amended his pleading or filed supplemental materials to address the other deficiencies identified by the Court. Instead, plaintiff has reduced from $150,000 to $25,000 the amount he asks the Court to award in statutory damages (without conceding that the Complaint fails to allege the facts necessary to find willful copyright infringement), and he has withdrawn his earlier request for attorney's fees and costs in the aggregate amount of $7,261.35. *See* Prop. Judgment re: 2d Renewed Mot. (docket no. 21-1); *see also* Renewed Mot. at 10-11 (docket no. 17).

**Discussion**

To establish copyright infringement, plaintiff must prove that (i) he owns a valid copyright, and (ii) Atemis copied the "constituent elements of the work that are original." *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). As a result of Atemis's default, all allegations in the complaint, except those relating to the amount of damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). In this matter, the Complaint does not itself allege all of the facts necessary to demonstrate copyright infringement, but the materials submitted in conjunction with plaintiff's second renewed motion for default judgment show that plaintiff has a registered copyright in the two photographs from the "Disparity Series" that Atemis used on its Facebook pages without plaintiff's permission. Consistent with Federal Rule of Civil Procedure 55(b)(2), the Court has considered the Declaration of Christopher Boffoli and the exhibits thereto, docket no. 22, and concludes that plaintiff is entitled to default judgment on his claim that

Atemis infringed his copyrights in the photographs "Cone Camping" and "Linguine Car Wash."

The Court does not, however, find that such infringement was "willful" within the meaning of the Copyright Act. To prove that Atemis acted willfully, plaintiff must show that Atemis knew its acts infringed plaintiff's copyright or acted with reckless disregard for, or willful blindness to, plaintiff's rights. *See* Ninth Cir. Model Instr. No. 17.37; *see also* *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 (9th Cir. 1990); *UMG Recordings, Inc. v. Disco Azteca Distribs., Inc.*, 446 F. Supp. 2d 1164, 1173 (E.D. Cal. 2006). Plaintiff has not met this standard. Rather, the record reflects that, at the time it posted "Cone Camping" and "Linguine Car Wash" to its Facebook pages, Atemis might have been confused concerning which artist created the images at issue. Moreover, although plaintiff's counsel asserts that Atemis's infringement was persisting when the Complaint was filed a few months after cease-and-desist communications were initiated, *see* Pla's Mot. at 6 (docket no. 21), neither the Complaint nor plaintiff's declaration support this contention. Given the absence of any allegation or evidence that Atemis continued to use plaintiff's copyrighted works after being advised that they had not been created by Akiko Ida and Pierre Javelle and were not part of the "MiNiMiAM" world, the Court concludes that plaintiff is not entitled to the quantum of statutory damages available for willful infringement. *See* 17 U.S.C. § 504(c)(2) (allowing statutory damages of up to $150,000 for willful infringement).

Plaintiff has requested $25,000 in statutory damages. The Copyright Act permits an award that is between $750 and $30,000, as the Court "considers just." 17 U.S.C.

§ 504(c)(1).  Plaintiff has indicated that he sells his prints for between $950 and $10,500 each, and that he licenses his works for limited use, but he has not disclosed the amount he usually receives for such licenses.  Boffoli Decl. at ¶ 4 (docket no. 22).  The Court concludes that the "just" award of statutory damages is $15,000, which reflects ten times the minimum award (10 x $750 = $7,500) for each infringed image, and default judgment will be entered in plaintiff's favor in such amount.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiff's second renewed motion for default judgment, docket no. 21, is GRANTED in part and DENIED in part.

(2)     The Clerk is DIRECTED to enter default judgment consistent with this Order, to send a copy of this Order and the default judgment to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 7th day of February, 2019.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge